1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   HAROLD HUNTER,                              No. 2:15-cv-1971 KJN (PC)
12                  Plaintiff,
13        v.                                     ORDER
14   DOROTHY H. DO-WILLIAMS, et al.,
15                  Defendants.
16
17     Plaintiff is a state prisoner, currently incarcerated at California Health Care Facility in Stockton, California ("CHCF"), who proceeds pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

I. Application to Proceed In Forma Pauperis

Plaintiff has filed an application requesting leave to proceed in forma pauperis. (ECF No. 2.) However, plaintiff has neither submitted a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of this action nor ensured the completion of the certificate portion of the application by a prison official.

Plaintiff attempts to justify his failure to file a properly-completed application or pay the required filing fees in a declaration, which reads:

> I wish to inform this court that yes, I have the $350.00 in my prison trust account to pay in full of this filing fee. But I beseech this court to still file in forma pauperis for the reason of time restraints,

1

> this matter is an emergency, it will tak at least two mor week to get a response back from the trust office to sign a fill out this certificate. And reason #2, I currently have three (3) suits in the Central District Court and one (1) suit in the 9th Cir. I must maintain a ballence of money in my trust account for copies, paper, pens, stamps, etc. And reason #3 the CHCF litigation coordinator here will not tell me if Doctor D.H. Do-Williams, is an employee by contract and states that he does not know the working place address . . . I do not know how to serve her, I will need the assistants of the U.S. Marshal to serve papers on her.
>
> I can afford an initial payment with monthly payments after that, and I give the prison the authority to deduct the monthly payments until I have paid the full $350.00 owed to this court.

(sic) (ECF No. 2 at 3-4.)

Plaintiff's reasons for failing to either file a properly-completed application to proceed in forma pauperis or else pay the required filing fees are unpersuasive. Accordingly, plaintiff will be provided a second opportunity either to submit a properly-completed application or to pay the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff is further informed that if the court determines that he has sufficient funds to pay the required fees, he will be required to do so in order to proceed in this action, regardless of his stated reasons for preserving the funds for other uses.

The court defers screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A until such time as plaintiff complies with this order.

II. Motion for Temporary Restraining Order

Plaintiff has filed a motion for a temporary restraining order, seeking to compel defendants to issue plaintiff a chrono requiring that he be housed in a lower tier at CHCF. (ECF No. 3.) Plaintiff, who is sixty-six years old, avers that he has suffered from a mobility impairment for decades. Plaintiff has been informed that, absent the issuance of a lower tier chrono, he will be moved imminently to "living quarters up a high flight of stairs." (Id. at 2.) According to plaintiff, he has recently fallen down on six separate occasions while walking on

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

flat ground at CHCF, and therefore fears for his safety if he is required to climb stairs to reach his cell.  (Id.)

Plaintiff is informed that, in order to commence an action, he must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, **and** he must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis.  As discussed above, plaintiff has failed to meet the latter requirement.  The court will not issue any orders granting or denying relief until an action has been properly commenced.  The court will therefore stay any ruling on plaintiff's motion for a temporary restraining order until such time as plaintiff either pays the filing fee or files a properly-completed application to proceed in forma pauperis.

That said, the court is sufficiently concerned about the allegations in plaintiff's motion for a temporary restraining order that it will ask the California Department of Justice to look into the matter and report back regarding the circumstances surrounding plaintiff's housing assignment at CHCF.  It may be that this matter can be resolved informally without the need for further litigation.

III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied.

2. Plaintiff shall submit, within thirty days from the date of this order, a properly-completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

4. The Clerk of the Court is directed to serve copies of this Order, the operative complaint (ECF No. 1), and plaintiff's motion for a temporary restraining order (ECF No. 3) on Monica Anderson, Supervising Deputy Attorney General, California Department of Justice.  Deputy Attorney General Anderson, in turn, is requested to provide the undersigned with a status report in no less than fourteen days regarding plaintiff's medical status and disability classification, his

housing assignment at California Health Care Facility, and the advisability of issuing a lower-tier chrono to plaintiff.

Dated: September 25, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hunt1971.3a.kjn+input