1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HAROLD HUNTER,                              No.  2:15-cv-1971 KJN PC

11                  Plaintiff,

12          v.                                   ORDER

13   DOROTHY H. DO-WILLIAMS, et al.,

14                  Defendants.

15

16          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

17   42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1).  Plaintiff has consented to magistrate judge jurisdiction for all purposes

19   pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  (See ECF No. 10.)

20       I.      Order to Show Cause

21          On January 12, 2016, the court ordered plaintiff to submit the $50.00 administrative filing

22   fee required to commence a civil action in federal court.  (ECF No. 18.)  On April 21, 2016, the

23   court ordered plaintiff to show cause why this action should not be dismissed for failure to pay

24   the $50.00 administrative filing fee.  (ECF No. 21.)  Plaintiff has now filed a notice of compliance

25   together with a copy of his inmate trust account statement, which confirms that the administrative

26   filing fee has been paid.  (See ECF No. 22 at 2.)  Accordingly, the April 21, 2016 order to show

27   cause is discharged.

28   ////

II.     Motion for Temporary Restraining Order

On September 17, 2015, plaintiff filed a motion for a temporary restraining order, seeking to compel defendants to issue plaintiff a chrono requiring that he be housed in a lower tier at CHCF.  (ECF No. 3.)  In his motion, plaintiff avers that, absent the issuance of a lower tier chrono, he will be moved imminently to "living quarters up a high flight of stairs."  (Id. at 2.)

By order filed September 25, 2015, the court requested the California Department of Justice to "provide the undersigned with a status report in no less than fourteen days regarding plaintiff's medical status and disability classification, his housing assignment at California Health Care Facility, and the advisability of issuing a lower-tier chrono to plaintiff."  (ECF No. 6 at 4.)

On October 9, 2015, the California Department of Corrections and Rehabilitation filed with the court the declaration of Dr. A. Adams, Chief Medical Executive, California Correctional Health Care Facility.  ("Adams Declaration," ECF No. 11-1.)  This declaration provides in pertinent part that "[p]laintiff is currently assigned to live on a ground (lower tier), in a bottom bunk.  Plaintiff has a permanent chrono, which was issued on September 22, 2015, for these accommodations."  (ECF No. 11-1 at 2.)  A copy of the chrono is attached as an exhibit to the declaration.  (See id. at 4.)

Plaintiff has subsequently filed two identical declarations disputing aspects of the Adams Declaration.  (ECF Nos. 13, 14.)  But nowhere therein does he dispute that he has been issued the lower-tier chrono that he sought in his motion for a temporary restraining order.  Accordingly, it appears that the motion should be denied as moot.

III.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

2

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

6   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

7   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

8   1227.

9          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

12  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

14  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

15  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

16  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

17  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

18  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

19  In reviewing a complaint under this standard, the court must accept as true the allegations of the

20  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

21  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

22  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

23         Here, plaintiff has filed a complaint (ECF No. 1), a declaration in support of his complaint

24  (ECF No. 9), and two identical declarations disputing aspects of the Adams Declaration (ECF

25  Nos. 13, 14).  Each of these documents contains potentially-pertinent allegations and exhibits.[1]

26  Plaintiff is hereby informed that the court cannot refer to multiple documents in order to make his

27  _____

28  [1] Plaintiff has also filed a motion for leave to file an amended complaint.  (ECF No. 19.)

3

1   complaint complete for purposes of screening and service.  Local Rule 220 requires that

2   complaint be complete in itself without reference to any other pleading.  Accordingly, plaintiff

3   will be granted leave to file an amended complaint – which consists **only** of a single document

4   plus any necessary exhibits – and is admonished not to make additional, subsequent filings to

5   supplement that complaint.

6        The court has also determined that the complaint does not contain a short and plain

7   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

8   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

9   succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff

10  has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be

11  dismissed.  As noted above, however, plaintiff will be granted leave to file an amended

12  complaint.

13       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

15  Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

16  named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

17  some affirmative link or connection between a defendant's actions and the claimed deprivation.

18  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

19  (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

20  rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21       As it appears that plaintiff is attempting to bring claims under the Eighth Amendment for

22  deliberate indifference to his serious medical needs, plaintiff is advised as follows regarding the

23  standards that govern such a claim.

24       To state a claim for violation of the Eighth Amendment based on inadequate medical care,

25  plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

26  serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must

27  show both that his medical needs were objectively serious, and that defendant possessed a

28  sufficiently culpable state of mind.  Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012),

1    overruled in part on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc);

2    Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

3         To meet the objective element, plaintiff must demonstrate the existence of a serious

4    medical need.  Estelle, 429 U.S. at 104.  Such need exists if the failure to treat the injury or

5    condition "could result in further significant injury" or cause "the unnecessary and wanton

6    infliction of pain."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and

7    citations omitted).  Serious medical needs include "[t]he existence of an injury that a reasonable

8    doctor or patient would find important and worthy of comment or treatment; the presence of a

9    medical condition that significantly affects an individual's daily activities; [and] the existence of

10   chronic and substantial pain."  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992),

11   overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

12        Under the subjective element, a prison official is deliberately indifferent only if the

13   official "knows of and disregards an excessive risk to inmate health and safety."  Toguchi v.

14   Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted).  To prevail on

15   a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of

16   and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of

17   the facts from which the inference could be drawn that a substantial risk of serious harm exists,

18   and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate

19   indifference "may appear when prison officials deny, delay or intentionally interfere with medical

20   treatment, or it may be shown by the way in which prison physicians provide medical care."

21   Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  The court "need not defer to the

22   judgment of prison doctors or administrators" when deciding the deliberate indifference element.

23   Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss

24   of his dentures was causing him severe pain and permanent physical damage, three month delay

25   in providing pain relief and soft food diet constituted Eighth Amendment violation).

26        In applying the deliberate indifference standard, the Ninth Circuit has held that before it

27   can be said that a prisoner's civil rights have been abridged, "the indifference to his medical

28   needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

1    support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir.

2    1980) (citing <u>Estelle</u>, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in

3    diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

4    under the Eighth Amendment.  Even gross negligence is insufficient to establish deliberate

5    indifference to serious medical needs.  <u>See Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir.

6    1990).  A difference of opinion between medical professionals concerning the appropriate course

7    of treatment generally does not amount to deliberate indifference to serious medical needs.

8    <u>Toguchi</u>, 391 F.3d at 1058; <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a

9    difference of opinion between a prisoner-patient and prison medical authorities regarding

10   treatment does not give rise to a [§] 1983 claim."  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th

11   Cir. 1981).  To establish that such a difference of opinion amounted to deliberate indifference, the

12   prisoner "must show that the course of treatment the doctors chose was medically unacceptable

13   under the circumstances" and "that they chose this course in conscious disregard of an excessive

14   risk to [the prisoner's] health."  <u>See Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>see</u>

15   <u>also Wilhelm</u>, 680 F.3d at 1123 (awareness of need for treatment followed by unnecessary delay

16   in implementing the prescribed treatment sufficient to plead deliberate indifference); <u>see also</u>

17   <u>Snow</u>, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny

18   recommended surgical treatment may be medically unacceptable under all the circumstances.)

19        Thus, plaintiff is advised that, in setting forth the allegations of his amended complaint, he

20   should set forth specific instances where each defendant allegedly violated plaintiff's Eighth

21   Amendment rights in addressing plaintiff's medical needs, and set forth facts demonstrating how

22   each defendant's act or failure to act constitutes deliberate indifference to plaintiff's serious

23   medical needs.

24        Finally, plaintiff is reminded that the court cannot refer to a prior pleading in order to

25   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

26   complaint be complete in itself without reference to any prior pleading.  This requirement exists

27   because, as a general rule, an amended complaint supersedes prior versions of the complaint.  <u>See</u>

28   <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, prior

1  versions of the complaint no longer serve any function in the case.  Therefore, in an amended

2  complaint, as in an original complaint, each claim and the involvement of each defendant must be

3  sufficiently alleged.

4  IV.  Motion for Appointment of Counsel

5  Plaintiff requests that the court appoint counsel.  District courts lack authority to require

6  counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

7  Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

8  to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

9  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

10  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

11  likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

12  se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

13  (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

14  burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

15  common to most prisoners, such as lack of legal education and limited law library access, do not

16  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

17  Plaintiff seeks appointment of counsel on the grounds that he has a physical disability,

18  receives psychiatric treatment, lacks legal training, and has had difficulty framing complaints in

19  previous cases.  (See ECF No. 4.)

20  Having considered the factors under Palmer, the court finds that plaintiff has failed to

21  meet his burden of demonstrating exceptional circumstances warranting the appointment of

22  counsel at this time.  Further, given that – based on the multiple filings made by plaintiff in this

23  case – the court cannot make out the substance of his claims, the court cannot evaluate likelihood

24  of success on the merits.  Accordingly, plaintiff's motion for appointment of counsel will be

25  denied.

26  V.  Conclusion

27  In accordance with the above, IT IS HEREBY ORDERED that:

28  1.  The April 21, 2016 order to show cause (ECF No. 21) is discharged.

7

     2.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 12) is denied.

     3.  Plaintiff's complaint (ECF No. 1) is dismissed.

     4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

     5.  Plaintiff's motion for a temporary restraining order (ECF No. 3.) is denied.

     6.  Plaintiff's motion for the appointment of counsel (ECF No. 4) is denied without prejudice.

     7.  Plaintiff's motion for leave to file an amended complaint (ECF No. 19) is granted.

Dated:  June 9, 2016

*Kendall J. Newman*

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hunt1971.14.new+tro+31

8

1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HAROLD HUNTER,                              No.  2:15-cv-1971 KJN PC

12                 Plaintiff,

13        v.                                     NOTICE OF AMENDMENT

14   DOROTHY H. DO-WILLIAMS, et al.,

15                 Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19                      _____         Amended Complaint
     DATED:
20

21                                             _____
                                               Plaintiff
22

23

24

25

26

27

28

                                               9