UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HUNTER, | No. 2:15-cv-1971 KJN PC |
| Plaintiff, | |
| v. | ORDER |
| DOROTHY H. DO-WILLIAMS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, requested that this action be dismissed because he plans to re-file the case at a later date. Plaintiff states that he needed an emergency injunction to stop custody from moving him upstairs and ignoring plaintiff's mobility issues. However, plaintiff did not receive the injunction and he has now been moved upstairs. Plaintiff states that his current pleading does not cover several current events or include defendants he would like to add, and he did not include any individuals as "John Does." Plaintiff claims that the court would not like him to add a lot of current violations that he has uncovered because he thinks that is called a "shotgun" pleading, so he thinks it best to withdraw his case and re-file it later when he can address "everything and everyone." (ECF No. 26 at 2.) For the following reasons, the court declines to dismiss the action at this time, but grants plaintiff an opportunity to either file an amended complaint or voluntarily dismiss the action after having benefit of the instant order.

1

First, plaintiff is correct that "shotgun" pleadings are not allowed under the Federal Rules. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, it is unclear whether plaintiff will be able to re-file his action to raise all of his prospective claims in one pleading. Plaintiff may only do so if he complies with Rule 20, and if he raises such claims within the statute of limitations period.

Second, federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. However, the new statute of limitations period does not apply retroactively. Maldonado, 370 F.3d at 955. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[1]

Third, plaintiff is required to first exhaust his administrative remedies as to each claim before he raises such claims in federal court. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper

---

[1] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, 393 F.3d at 927 n.5 (citations omitted).

1    exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and

2    "[p]roper exhaustion demands compliance with an agency's deadlines and other critical

3    procedural rules[.]"  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Thus, plaintiff must exhaust all

4    available administrative remedies[2] prior to bringing such claims in this or any subsequent action.

5           Fourth, plaintiff has paid the filing fee in this action.  If plaintiff chooses to voluntarily

6    dismiss this action, he will lose the benefit of such payment, and will be required to pay the filing

7    again for any subsequently-filed action.

8           Fifth, the court construes plaintiff's filing as a request to withdraw his motion for

9    injunctive relief as moot.

10          Sixth, at the present time, no operative pleading is effective.  On June 9, 2016, plaintiff's

11   pleading was dismissed, and he was granted leave to file an amended pleading.  In such screening

12   order, plaintiff was provided the legal standards for pursuing the claims raised by plaintiff.  (ECF

13   No. 24.)  Thus, the undersigned will not repeat those standards in this order.  Plaintiff is granted

14   the opportunity to file an amended pleading that comports with Rule 20 and with the court's prior

15   order, or, he may opt to voluntarily dismiss this action.  Plaintiff is not required to file an

16   amended pleading, but if he chooses to proceed with this action, he must file an amended

---

[2] On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now, inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

complaint that complies with the June 9, 2016 order as well as this order.  Plaintiff is cautioned that failure to respond to this order will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff withdraws his motion for injunctive relief (ECF No. 25) as moot;

2. Plaintiff's motion for voluntary dismissal (ECF No. 26) is denied without prejudice;

3. Within thirty days from the date of this order, plaintiff shall file the attached Notice of Election form, choosing either to file an amended complaint, or to renew his request to voluntarily dismiss this action; and

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

Dated:  November 1, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hunt1971.59den

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   GRADY HARRIS,                              No. 2:16-cv-0830 KJN P
12              Plaintiff,
13        v.                                    NOTICE OF ELECTION
14   JEFF MACOMBER, et al.,
15              Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's orders
18        _____            Amended Complaint
19              OR
20        _____            Plaintiff chooses to voluntarily dismiss this action.
21
    DATED:
22
23                                              _____
                                                Plaintiff
24
25
26
27
28
                                                5