UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD HUNTER, | No. 2:15-cv-1971 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DOROTHY H. DO-WILLIAMS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 10.)

On November 1, 2016, the undersigned granted plaintiff thirty days to either file an amended complaint, or renew his request to voluntarily dismiss this action. (ECF No. 27.) On December 5, 2016, plaintiff filed an amended complaint. (ECF No. 30.) On December 5, 2016, plaintiff also filed a motion to stay this action. (ECF No. 28.) Plaintiff requests that this action be stayed because he is still exhausting administrative remedies. (Id.) Plaintiff alleges, in part, that he still has administrative appeals pending that have yet to be answered. (Id.)

A prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). If a prisoner exhausts a claim after bringing it before the court, his

1

subsequent exhaustion cannot excuse his earlier failure to exhaust. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d, 1108, 1120 (9th Cir. 2003) overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

In the motion to stay, plaintiff admits that he failed to exhaust administrative remedies prior to bringing this action. Because plaintiff is required to exhaust administrative remedies prior to bringing this civil rights action, the court has no authority to stay this action pending exhaustion of administrative remedies. Accordingly, the motion to stay is denied. Plaintiff is ordered to show cause why this action should not be dismissed for his failure to exhaust administrative remedies.

Plaintiff has also requested the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of

counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay (ECF No. 28) is denied;

2. Within twenty-one days of the date of this order, plaintiff shall show cause why this action should not be dismissed for his failure to exhaust administrative remedies prior to bringing this action;

3. Plaintiff's motions for the appointment of counsel (ECF No. 29 and 34) are denied without prejudice.

Dated: January 19, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hunt1971.31kjn